■ ROSLYN L. ROSEN, as Executrix of HAROLD J. ROSEN, Deceased, et al., Respondents, v. MAURICE L. ROSEN et al., as Surviving Partners, Doing Business as ROSEN BROTHERS, Appellants. (Appeal No. 1.) — Order unanimously reversed, without costs and motion denied. Memorandum: By an interlocutory judgment dated August 31, 1970 and entered October 9, 1970 the defendants were directed to prepare and submit within 60 days a partnership accounting as of December 31, 1964. Thereafter, the Special Term Justice was advised by plaintiffs' counsel by letter that the 60 days had expired and that the defendants had failed to present the accounting as ordered. Plaintiffs requested an order foreclosing defendants from submitting an accounting and permitting plaintiffs to submit their own accounting in accordance with the prior order. The Justice wrote defendants' counsel advising that if an accounting was not promptly furnished, defendants would be foreclosed from submitting one and that an accounting to be submitted by plaintiffs would be the only one to be considered. After receiving defendants' explanation by letter as to the reasons for defendants' failure to comply with the provisions of the order, the Special Term Justice, without notice to defendants and an opportunity for them to be heard, by supplemental order entered January 11, 1971 ordered defendants foreclosed from submitting an accounting and directed plaintiffs to submit an accounting, the defendants to pay plaintiffs' reasonable attorney's fees, accountant's fees and other expenses incurred in the preparation of the accounting. An accounting was rendered by plaintiffs pursuant to such supplemental order and on their motion to confirm, Special Term by order entered October 20, 1971 appointed a Referee to hear, determine and report as to certain specified matters with respect to the accounting. Defendants appeal from the orders entered January 11, 1971 and October 20, 1971. ¶ CPLR 2221 provides: ¶ " A motion for leave to renew or to reargue a prior motion, for leave to appeal from, or to stay, vacate or modify, an order shall be made, on notice, to the judge who signed the order, unless he is for any reason unable to hear it ". ¶ The informal application to shift the burden of accounting from the defendants to the plaintiffs and to foreclose defendants from submitting an accounting involved a change of substance in the prior interlocutory judgment

and sought a modification of its terms. Accordingly, under the provisions of the statute, it should have been made upon notice specifying the return date, including the supporting papers upon which it was based and conforming with the time requirements of the statute (CPLR 2214, subds. [a], [b]). The order entered January 11, 1971 having been granted without compliance with the procedural requirements of the statute, there was no legal authorization for the accounting by plaintiffs. The order entered October 20, 1971 referring the accounting to a Referee must therefore be considered a nullity. (Appeal from order of Onondaga Special Term in action to dissolve partnership and for an accounting.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Henry, JJ.